**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

Case Number:_____-CV-_____

ANDRES GOMEZ,

     Plaintiff

V.

SPIRIT HALLOWEEN SUPERSTORES LLC.

     Defendant

_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

ANDRES GOMEZ ("Plaintiff Gomez" or "Plaintiff"), seeks a permanent injunction requiring a change in SPIRIT HALLOWEEN SUPERSTORES LLC. ("Defendant" or the "Company") corporate polices to cause Defendant's website to become, and remain, accessible and in support thereof asserts as follows:

## INTRODUCTION

1. Plaintiff brings this action against Defendant and asserts that its website is not accessible to blind and visually impaired consumers in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (the "ADA"). Plaintiff seeks a permanent injunction to cause a change in Defendant's corporate policies related to its web-based technologies so that Defendant's website will become, and will remain, accessible. The website(s) at issue is www.spirithalloween.com (the "Website").

2. While the increasing pervasiveness of digital information presents an unprecedented opportunity to increase access to goods and services for people with perceptual or motor disabilities, website developers and web content developers often implement digital technologies without regard to whether those technologies can be accessed by individuals with disabilities. This is notwithstanding the fact that accessible technology is both readily available and cost effective.

3. Blind and visually impaired consumers must use screen reading software or other assistive

1

technologies in order to access website content. Defendant's Website contains digital barriers which limit the ability of blind and visually impaired consumers to access the site.

4.      Plaintiff has patronized Defendant's Website in the past, and intends to continue to patronize Defendant's Website. However, unless Defendant is required to eliminate the access barriers at issue, and required to change its policies so that access barriers do not reoccur on Defendant's Website, Plaintiff will continue to be denied full access to the Website as described, and will be deterred from fully using Defendant's Website.

5.      The ADA expressly contemplates the type of injunctive relief that Plaintiff seeks in this action. In relevant part, the ADA requires:

> [i]n the case of violations of . . . this title, injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities....Where appropriate, injunctive relief shall also include requiring the . . . modification of a policy. . . 42 U.S.C. § 12188(a)(2).

6.      Plaintiff invokes 42 U.S.C. § 12188(a)(2) and seeks a permanent injunction requiring:

a)      that Defendant retain a qualified consultant acceptable to Plaintiff ("Mutually Agreed Upon Consultant") who shall assist it in improving the accessibility of the Website so that it complies with version 2.0 of the Web Content Accessibility Guidelines ("WCAG 2.0 AA");

b)      that Defendant work with the Mutually Agreed Upon Consultant to ensure that all employees involved in website development and content development be given web accessibility training on a periodic basis calculated to achieve ongoing compliance with WCAG 2.0 AA;

c)      that Defendant work with the Mutually Agreed Upon Consultant to perform an automated accessibility audit on a periodic basis to evaluate whether Defendants' Website continues to comply with WCAG 2.0 AA on an ongoing basis;

d)      that Defendant work with the Mutually Agreed Upon Consultant to perform end-user accessibility/usability testing on a periodic basis with said testing to be performed by individuals with various disabilities to evaluate whether Defendants' Website continues to comply with WCAG 2.0 AA on an ongoing basis; and,

e)      that Defendant work with the Mutually Agreed Upon Consultant to evaluate whether the inaccessible website has been rendered accessible, and whether corporate policies related

to web- based technologies have been changed in a meaningful manner that will cause the website to remain accessible, the website must be reviewed on periodic basis using both automated accessibility screening tools and end user testing by disabled individuals.

## JURISDICTION AND VENUE

7.      This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 and 42 U.S.C. § 12188.

8.      Plaintiff's claims asserted herein arose in this judicial district and Defendant(s) does substantial business in this judicial district.

9.      Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

10.     Plaintiff Gomez and, at all times relevant hereto, has been a resident of the State of Florida. Plaintiff Gomez is and, at all times relevant hereto, has been legally blind and is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2) and the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq*.

11.     Defendant is a for profit company doing significant business in this judicial district. Defendant has physical brick and mortar retail locations throughout the United States. Defendant owns operates and maintains brick and mortar retail stores in the State of Florida and specifically at 5701 Sunset Dr space B08, South Miami, FL 33143 which Plaintiff would and has attempted to frequent if not for the digital barriers that impede his access to the location. Defendant's retail stores offer goods and services to the public. Defendant also offers goods and services to the public through the Website. Defendant's brick and mortar retail store and website are integrated and are public accommodations pursuant to 42 U.S.C. § 12181(7).

## FACTUAL BACKGROUND AND ALLEGATIONS

12.     The Internet has become a significant source of information and a means for conducting everyday activities such as shopping, banking, etc. for both sighted and blind and visually-impaired persons, as well as individuals with other perceptual or motor disabilities.

13.     Blind individuals may access websites by using keyboards in conjunction with screen reader software that converts text to audio. Screen reader software provides the primary method by which a blind person may independently use the Internet. Unless websites are designed to be read by screen reader software, blind individuals are unable to fully access websites and the information, products and services available through the sites. The international website standards organization, W3C, has published WCAG 2.0 AA. WCAG 2.0 AA provides widely accepted guidelines for making websites accessible to individuals with disabilities. These guidelines have been endorsed by the United States Department of Justice and numerous federal courts.

14.     Through the Website, Defendant offers special sales, price listings of items found at the store and the option to access hours of operations, and store phone number using information gathered from the website. Defendant's Website also helps users locate stores, view items on sale, read item descriptions and prices, gain access to special promotions and perform a variety of other functions.

15.      Plaintiff is permanently blind and uses screen reader software in order to access the Internet and read website content.

16.     There is a physical nexus between Defendant's website and physical retail stores in that the website provides the contact information, operating hours, access to products found at the retail establishment and address to the retail establishments.

17.     Despite several attempts to use and navigate the Website, Plaintiff has been denied the full use and enjoyment of the facilities, goods and services available on the Website as a result of access barriers on the site. As a result of Defendant's access barriers, Plaintiff has been denied information that would allow him to access a physical brick and mortar location.

18.     The barriers at the Website have caused a denial of Plaintiff's full and equal access multiple times in the past, and now deter Plaintiff from attempting to use Defendant's website although Plaintiff intends to use the website in the future once it becomes accessible.

19.     The access barriers at the Website that Plaintiff has encountered include but are not limited to, the following:

a)   Text equivalent for every non-text element is not provided;

b)   Information about the meaning and structure of the Website's content is not conveyed by more than the visual presentation of content;

c)   When the sequence in which content is presented affects its meaning, a correct reading sequence cannot be programmatically determined;

d)   Web pages do not have titles that describe topic or purpose, and;

e)   Images on the website are not explained to the user with use of a screen reader program;

20.     Upon information and belief, Defendant has never had a plan or policy that is reasonably calculated to make its Website fully accessible to, and independently usable by blind people.

21.     Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to modify its website to correct the discriminatory conditions as set forth herein. The relief requested serves the public interest and the benefit to Plaintiff and the public far outweigh any detriment to Defendant.

**22.** Without injunctive relief, Plaintiff and other blind individuals will continue to be unable to independently use the Website in violation of their rights under the ADA.

23. Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action, and has agreed to pay the undersigned counsel reasonable attorney's fees, costs, and expenses from Defendant pursuant to 42 U.S.C. § § 12205 and 12117, and Plaintiff is entitled to attorney's fees, costs, and expenses from Defendant.

## SUBSTANTIVE VIOLATION
### (Title III of the ADA, 42 U.S.C. § 12181 *et seq.*)

24. The allegations contained in the previous paragraphs are incorporated by reference.

25. Section 302(a) of Title III of the ADA, 42 U.S.C. § 12101 *et seq.*, provides: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

26. Defendant's retail store and integrated website are public accommodations within the definition of Title III of the ADA, 42 U.S.C. § 12181(7).

27. There is a physical nexus between Defendant's website and physical retail store in that the website provides the contact information, operating hours, and access to products found at the retail establishment and address to the retail stores.

28. Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages or accommodations of an entity. 42 U.S.C. § 12182(b)(1)(A)(i).

29.     Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages or accommodations, which is equal to the opportunities afforded to other individuals. 42 U.S.C. §12182(b)(1)(A)(ii).

30.     Under Section 302(b)(2) of Title III of the ADA, unlawful discrimination also includes, among other things: "a failure to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations; and a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage or accommodation being offered or would result in an undue burden." 42 U.S.C. § 12182(b)(2)(A)(ii)-(iii); *see also* 28 C.F.R. § 36.303(a).

31.     Title III requires that "[a] public accommodation shall furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities." 28 C.F.R. § 36.303(c)(1). The regulation sets forth numerous examples of "auxiliary aids and services," including "...accessible electronic and information technology; or other effective methods of making visually delivered materials available to individuals who are blind or have low vision." 28 C.F.R. § 36.303(b).

32.     The acts alleged herein constitute violations of Title III of the ADA, and the regulations

promulgated thereunder. Plaintiff, who is blind and has disabilities that substantially limit the major life activity of seeing within the meaning of 42 U.S.C. §§ 12102(1)(A) and (2)(A), has been denied full and equal access to Defendant's Website because of his disability. He has not been provided services that are provided to other patrons who are not disabled, and/or have been provided services that are inferior to the services provided to non-disabled persons. Defendant has failed to take any prompt and equitable steps to remedy its discriminatory conduct. These violations are ongoing.

33.     Pursuant to 42 U.S.C. § 12188 and the remedies, procedures and rights set forth and incorporated therein, Plaintiff requests relief as set forth below.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for:

a.    A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Title III of the ADA as described above, and the relevant implementing regulations of the ADA, in that Defendant took no action that was reasonably calculated to ensure that its Websites are fully accessible to, and independently usable by, blind individuals;

b.    A permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504 (a) which directs Defendant to take all steps necessary to bring the Website into full compliance with the requirements set forth in the ADA, and  implementing regulations, so that the Website is fully accessible to, and independently usable by, blind individuals, and which further directs that the Court shall retain jurisdiction for a period to be determined to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law—the specific injunctive relief requested by Plaintiff is described more fully in Paragraph 6 above;

c.    Payment of costs of suit;

d.    Payment of reasonable attorneys' fees, pursuant to 42 U.S.C. § 12205 and 28 CFR § 36.505; and,

e.    The provision of whatever other relief the Court deems just, equitable and appropriate.

Respectfully Submitted,

*/s/ Alberto R. Leal*

Alberto R. Leal, Esq.

Florida Bar No.: 1002345
The Leal Law Firm, P.A.
8927 Hypoluxo Rd. #157
Lake Worth, FL 33463
Phone:561-237-2740
Facsimile: 561-237-2741
E-Mail: al@thelealfirm.com